UNITED STATES of America, Plaintiff–Appellee,

v.

Fernando MARTINEZ–CUEVAS, Defendant–Appellant.

No. 14–50099.

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 2015.*

Filed April 13, 2015.

Jean–Claude Andre, Assistant U.S., Vibhav Mittal, Assistant U.S., Office of the

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

**744**

U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

H. Dean Steward, San Clemente, CA, for Defendant–Appellant.

Before: SILVERMAN and BEA, Circuit Judges and QUIST,** Senior District Judge.

### MEMORANDUM ***

Fernando Martinez–Cuevas appeals from the district court's judgment and challenges his 46–month sentence imposed following his guilty plea to one count of aiding and assisting an inadmissible alien convicted of an aggravated felony to enter the United States, in violation of 8 U.S.C. § 1327. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Martinez–Cuevas argues that the district court erred by applying a sentencing enhancement under U.S.S.G. § 2L1.1(b)(6) for "intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person." The commentary notes for U.S.S.G. § 2L1.1 provide:

> Reckless conduct to which the adjustment from subsection (b)(6) applies includes a wide variety of conduct (e.g., ... harboring persons in a crowded, dangerous, or inhumane condition; or guiding persons through ... a dangerous or remote geographic area without adequate food, water, clothing, or protection from the elements).

U.S.S.G. § 2L1.1 cmt. n. 5. The undisputed facts in the record show that Martinez–Cuevas along with others used a panga boat—an open air vessel—to. transport twenty-three passengers at night in the open sea for several hours. The boat lacked basic safety features such as a fire extinguisher, navigational lights, sound producing devices, visual distress signals, and other flotation devices such as life rafts or life-saving rings. In addition, the boat was crowded with fuel cans. Accordingly, the district court did not err in applying an enhancement under U.S.S.G. § 2L1.1(b)(6).

Martinez–Cuevas also argues that 8 U.S.C. § 1327 violates the Due Process Clause because it is a strict liability crime. In *United States v. Flores–Garcia*, 198 F.3d 1119, 1123 (9th Cir.2000), we interpreted 8 U.S.C. § 1327 and concluded that "[t]he defendant's knowledge of an alien's prior felony conviction is not an element of 8 U.S.C. § 1327; the government need only prove that the defendant knew that the alien he aided or assisted was inadmissible to the United States." Martinez–Cuevas argues that *Flores–Garcia* was wrongly decided. However, we are bound by the holding in *Flores–Garcia*. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir.2003) (en banc). Moreover, under the holding of *Flores–Garcia*, 8 U.S.C. § 1327 contains the *mens rea* requirement that the defendant have known "that the alien he aided or assisted was inadmissible to the United States." *Flores–Garcia*, 198 F.3d at 1123. Therefore, 8 U.S.C. § 1327 is not, as Martinez–Cuevas argues, a strict liability crime. *See United States v. Bailey*, 444 U.S. 394, 406 n. 6, 100 S.Ct. 624,

---

*See* Fed. R.App. P. 34(a)(2).

** The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

62 L.Ed.2d 575 (1980) (explaining that a strict liability crime is a "crime for which punishment can be imposed without proof of *any mens rea at all.*" (emphasis added)); *see, e.g., United States v. Cupa–Guillen,* 34 F.3d 860, 863 (9th Cir.1994) (rejecting defendant's argument that 8 U.S.C. § 1326(b)(2) is a strict liability crime because the statute contains the requirement that the government prove that the defendant acted with the general intent to reenter the United States). Accordingly, we reject Martinez–Cuevas' challenge to the constitutionality of 8 U.S.C. § 1327.

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.